IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS DANIELS, | No. C-09-270 TEH (PR) |
|     Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
|     v. | |
| BEN CURRY, Warden, | |
|     Respondent. | |

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he claimed that a decision by the Board of Parole Hearings to find him not suitable for parole violated his right to due process because it was not supported by sufficient evidence.  Doc. #1.  Respondent has filed an answer and supplemental answer and Petitioner has filed a traverse and supplemental traverse.  Doc. ## 18, 19, 22 & 23.

The United States Supreme Court recently made clear that in the context of a federal habeas challenge to the denial of parole, a prisoner subject to a parole statute similar to California's receives adequate process when BPH allows him an

opportunity to be heard and provides him with a statement of the reasons why parole was denied. Swarthout v. Cooke, 131 S.Ct. 859, 862-63 (2011) (per curiam). Here, the record shows Petitioner received at least this amount of process. See Doc. #13; id. at 59-64. The Constitution does not require more. Swarthout, 131 S.Ct at 862.

The Court also made clear that whether BPH's decision was supported by some evidence of current dangerousness is irrelevant in federal habeas: "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Swarthout, 131 S.Ct at 863. Accordingly, the instant federal petition for a writ of habeas corpus is DENIED.

Further, a Certificate of Appealability is DENIED. See Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing Section 2254 Cases.

//
//
//

2

The Clerk shall terminate any pending motions as moot, enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

DATED     _03/04/2011_

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.09\Daniels-09-270-bph deny-post cooke.wpd